**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (TOLEDO)**

| | | |
|---|---|---|
| MARGARET SHEETS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.: ______________ |
| DAVOL INC. and C.R. BARD, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**DEFENDANT DAVOL INC.'S AND DEFENDANT C.R. BARD, INC.'S**
**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Davol Inc. ("Davol") and Defendant C.R. Bard, Inc. ("Bard"), with full reservation of any and all defenses, objections, and exceptions, including but not limited to objections to service, venue, and statute of limitations, hereby remove the above-captioned action from the Court of Common Pleas in and for Allen County, Ohio, to this Court. In support of removal, Defendants state as follows:

## I. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

1. Plaintiff commenced this action with his Complaint filed in the Court of Common Pleas in and for Allen County, Ohio on or about December 21, 2007. Bard was served with the Complaint on or about January 2, 2008. Davol has not been served but expressly joins in this Notice of Removal.

2. As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants (including Plaintiff's Complaint) is attached hereto as Ex. A.

3. This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a), as it is the District Court embracing the Court of Common Pleas in and for Allen County, Ohio, where Plaintiff's Complaint is pending. *See* 28 U.S.C. § 115(a)(2).

4. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is being filed within 30 days after the first receipt by Bard and Davol, through service, of Plaintiff's Complaint, which sets forth the bases for removal.

5. Pursuant to 28 U.S.C. § 1446(d), Defendants are filing a written notice of this removal with the clerk of the Court of Common Pleas in and for Allen County, Ohio, where Plaintiff's Complaint is pending. A copy of this Notice of Removal and the written notice of same provided to the state court is also being served upon Plaintiff's counsel in accordance with 28 U.S.C. § 1446(d).

## II. THIS COURT HAS DIVERSITY JURISDICTION

6. As will be shown more fully below, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000, and there is complete diversity of citizenship between Plaintiff and Bard and Davol. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

### A. The Amount-In-Controversy Requirement Is Satisfied

7. Although Defendants deny Plaintiff's claims, and although Plaintiff seeks an unspecified amount damages "in excess of Twenty Five Thousand Dollars ($25,000.00) as to each count of the …Complaint" (Compl. "Prayer"), Defendants believe in good faith that more than $75,000 is in controversy, and therefore the amount-in-controversy requirement of 28 U.S.C. § 1332(a) has been met. Plaintiff's claims sound in product liability and seek recovery for personal injuries

allegedly caused by a defective medical device, the Composix® Kugel® hernia repair patch, that was manufactured and sold by Davol and used in conjunction with Plaintiff's hernia repair. (*See* Compl. ¶¶ 6-7.) Plaintiff alleges that due to its allegedly defective design the Composix® Kugel® hernia patch failed, causing Plaintiff "constant pain, suffering, additional medical treatment, and expense..." (*Id.* ¶ 17.) Plaintiff also alleges that she "underwent nursing care, endured mental and physical pain and suffering as a direct result of the failed [Composix®] Kugel® Patch." (*Id.*; *see also id.* ¶ 53 (alleging that Plaintiff "suffered personal injuries, incurred medical and hospital expenses, and suffered mental and physical pain and suffering, and other damages"). Plaintiff seeks recovery for "an amount in excess of Twenty Five Thousand Dollars ($25,000.00) as to each count of [her nine count] Complaint for compensatory damages, in addition to punitive damages as applicable to each count of [her] Complaint, plus interest at the statutory rate from the date of the incident, costs of litigation, attorneys' fees, and any and all other relief...". (*See* Compl. Prayer).

8. The amount-in-controversy requirement is easily met here because the types of injuries alleged in Plaintiff's Complaint, in combination with Plaintiff's compensatory and punitive damages allegations as to each count of her Complaint, make it "facially apparent that the claims are likely above" the requisite amount-in-controversy. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *see also Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (citing *Allen v. R & H Oil & Gas Co.*, *supra*); *see also Evans v. Yum Brands, Inc.*, 326 F. Supp. 2d 214, 221 (D.N.H. 2004) (denying remand where, "[o]bjectively viewed, [the plaintiff's] claims for her [injuries] and the loss of consortium and emotional distress . . . could be valued at $75,000 or more"). In fact, other plaintiffs have brought other actions against Davol and Bard making similar allegations as the ones expressed here pleading an amount-in-controversy in

allegedly caused by a defective medical device, the Composix® Kugel® hernia repair patch, that was manufactured and sold by Davol and used in conjunction with Plaintiff's hernia repair. (*See* Compl. ¶¶ 6-7.) Plaintiff alleges that due to its allegedly defective design the Composix® Kugel® hernia patch failed, causing Plaintiff "constant pain, suffering, additional medical treatment, and expense..." (*Id.* ¶ 17.) Plaintiff also alleges that she "underwent nursing care, endured mental and physical pain and suffering as a direct result of the failed [Composix®] Kugel® Patch." (*Id.*; *see also id.* ¶ 53 (alleging that Plaintiff "suffered personal injuries, incurred medical and hospital expenses, and suffered mental and physical pain and suffering, and other damages"). Plaintiff seeks recovery for "an amount in excess of Twenty Five Thousand Dollars ($25,000.00) as to each count of [her nine count] Complaint for compensatory damages, in addition to punitive damages as applicable to each count of [her] Complaint, plus interest at the statutory rate from the date of the incident, costs of litigation, attorneys' fees, and any and all other relief…". (*See* Compl. Prayer).

8. The amount-in-controversy requirement is easily met here because the types of injuries alleged in Plaintiff's Complaint, in combination with Plaintiff's compensatory and punitive damages allegations as to each count of her Complaint, make it "facially apparent that the claims are likely above" the requisite amount-in-controversy. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *see also Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (citing *Allen v. R & H Oil & Gas Co.*, *supra*); *see also Evans v. Yum Brands, Inc.*, 326 F. Supp. 2d 214, 221 (D.N.H. 2004) (denying remand where, "[o]bjectively viewed, [the plaintiff's] claims for her [injuries] and the loss of consortium and emotional distress . . . could be valued at $75,000 or more"). In fact, other plaintiffs have brought other actions against Davol and Bard making similar allegations as the ones expressed here pleading an amount-in-controversy in

excess of $75,000. *See*, *e.g. Kinney v. Davol Inc. and C.R. Bard, Inc.*, *et al.*, No. 1:07-cv-1336 (N.D. Ohio) (alleging damages in excess of amount required by 28 U.S.C. § 1332) (Ex. B); *see also Sayler v. Davol Inc. and C.R. Bard, Inc.*, No. 1:07-cv-765 (N.D. Ohio) (same) (Ex. C); *see also In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 295-96 (S.D.N.Y. 2001) (looking to other suits involving the same product to resolve amount-in-controversy inquiry). Further, federal courts in analogous cases have held that the amount-in-controversy threshold is met because, as here, "the complaint . . . does not preclude recovery in excess of $75,000." *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d at 296.

**B. The Parties Are Completely Diverse**

9. Plaintiff is a resident citizen of Lima, Allen County, Ohio. (*See* Complaint ¶ 1.)

10. Defendant Davol is, and has been at all relevant times, a corporation organized under the laws of the State of Delaware with its principal place of business in Rhode Island. Accordingly, Davol is a citizen of those two states. *See* 28 U.S.C. § 1332(c)(1).

11. Defendant Bard is, and has been at all relevant times, a corporation organized under the laws of New Jersey with its principal place of business in New Jersey. Accordingly, Bard is a citizen of New Jersey. *See* 28 U.S.C. § 1332(c)(1).

WHEREFORE, Defendant Davol Inc. and Defendant C.R. Bard, Inc. respectfully remove this action from the Court of Common Pleas in and for Allen County, Ohio, to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Should any question arise as to the propriety of this removal, Defendants respectfully request an opportunity to provide briefing and oral argument.

Respectfully submitted,

Dated: January 8, 2008

HERMANN, CAHN & SCHNEIDER, LLP

**/s/ Jeffrey S. Moeller**
Gary D. Hermann (0025285)
Jeffrey S. Moeller (0074512)
Hermann, Cahn & Schneider, LLP
1301 East Ninth Street, Suite 500
Cleveland, OH 44114
Tel: 216-781-5515
Fax: 216-781-1030
ghermann@hcsattys.com
jmoeller@hcsattys.com

ATTORNEYS FOR DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC.

Of Counsel:
Kirby T. Griffis
Michael L. Junk
Spriggs & Hollingsworth
1350 I Street NW
Washington, DC 20005
Tel: 202-898-5800
Fax: 202-682-1639
kgriffis@spriggs.com
mjunk@spriggs.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 8 day of January, 2008, a true and correct copy of the foregoing Notice of Removal has been served upon the following counsel of record in the manner indicated below.

Thomas D. Robenalt
Colin P. Sammon
Tower City Center
Skylight Office Tower
1660 West Second Street, Suite 950
Cleveland, OH 44113-1498
*Certified Mail (Return Receipt Requested)*

BY: /s/ Jeffrey S. Moeller
Jeffrey S. Moeller