Court of Common Pleas, Allen County, Lima, Ohio
Courthouse, Lima, Ohio 45801
FAX (419) 222-8427

RECEIVED
JAN 0 2 2008
C.R. BARD, INC.
LAW DEPT

# SUMMONS ON COMPLAINT

Rule 4 1970 Ohio Rules of Civil Procedure

Case No. CV 2007 1355

HONORABLE JEFFREY L REED

| Name | Address |
|---|---|
| MARGARET SHEETS | 668 N JACKSON ST<br>LIMA, OH 45801 |

Plaintiff(s)

-VS-

| Name | Address |
|---|---|
| DAVOL INC | C/O S/A CT CORP SYSTEM<br>PROVIDENT, RI 02903 |
| C R BARD INC | 730 CENTRAL AVE<br>MURRAY HILL, NJ 07974 |

Defendant(s)

To the above named defendant(s); (See attached complaint for additional parties)

You are hereby summoned that a complaint (a copy of which is hereto attached and made part hereof) has been filed against you in this court by the plaintiff(s) named herein. Including the following documents:

You are required to serve upon the plaintiff('s') attorney, or upon the plaintiff(s) if he/she/they has/have no attorney of record, a copy of your answer to the complaint within 28 days after service of this summons upon you, exclusive of the day of service. Said answer must be filed with the court within three days after service on plaintiff('s') attorney.

The name and address of the plaintiff('s') attorney is as follows:

THOMAS D ROBENALT
1660 W SECOND ST STE 950
CLEVELAND, OH 44113-1498

If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint.

GINA C STALEY-BURLEY
Allen County Clerk of Courts

Date: December 21, 2007

Kimberly Rex
KIMBERLY REX Deputy

DEFENDANT'S EXHIBIT
A

IN THE COURT OF COMMON PLEAS
ALLEN COUNTY, OHIO

COMMON PLEAS COURT
FILED
07 DEC 21 PM 3:13
CLERK OF COURTS
ALLEN COUNTY, OHIO

| | |
|---|---|
| MARGARET SHEETS<br>668 North Jackson Street<br>Lima, Ohio 45801<br><br>Plaintiff, | CASE NO. CV 2007 1355<br>JUDGE REED |
| v. | **COMPLAINT** |
| DAVOL, INC.<br>c/o Its Statutory Agent<br>CT Corporation System<br>10 Weybosset St.<br>Providence, Rhode Island 02903 | **(Jury Demand Endorsed Hereon)** |
| and | |
| C. R. BARD, INC.<br>730 Central Avenue<br>Murray Hill, New Jersey 07974<br><br>Defendants. | |

RECEIVED
JAN 02 2008
C.R. BARD, INC.
LAW DEPT.

Now comes Plaintiff Margaret Sheets, by and through counsel, and for her Complaint against Defendants Davol, Inc. and C. R. Bard, Inc., states and alleges as follows:

1. At all times material, Plaintiff Margaret Sheets is an individual residing at 668 N. Jackson Street, City of Lima, State of Ohio.

2. Defendant Davol, Inc. ("Davol") is a corporation that is incorporated under the laws of the State of Rhode Island. Davol has its principal place of business in the State of Rhode Island. It manufactures the Composix® Kugel Mesh Patches ("Kugel Patch") at 100 Sockanosset Crossroad, City of Cranston, State of Rhode Island. Davol has a registered agent in Rhode Island at CT Corporation System, 10 Weybosset St., City of Providence, State of Rhode

Island. Davol focuses its business in key surgical specialties, including hernia repair, hemostasis, orthopedics, and laparoscopy.

3. Defendant C. R. Bard, Inc. ("Bard") is a corporation that is incorporated under the laws of the State of New Jersey. It is the corporate parent/stockholder of Davol and participates in the manufacture, marketing and distribution of the Kugel Patch. It also manufactures and supplies Davol with material that forms part of the Kugel Patch. Bard, at all relevant times, did substantial and continuous business in the State of Rhode Island.

4. Defendants are subject to jurisdiction in the State of Ohio by virtue of R.C. Sections 2305.01 and 2307.382. Defendants manufactured, marketed and supplied the Kugel Patch in the State of Ohio, received substantial compensation and profits from the sales of Kugel Patches in the State of Ohio, and made material omissions and misrepresentations and breached warranties in the State of Ohio.

## FACTS

5. Plaintiff restates the preceding paragraphs of this Complaint as if fully rewritten herein at length.

6. Davol designed, manufactured, marketed, and distributed the Composix Kugel Patch, a hernia mesh patch that was inserted into Plaintiff's body.

7. Davol, through its agents, servants and employees, participated in the manufacture and delivery of the Composix Kugel Patch that was inserted into Plaintiff's body.

8. The Defendants submitted their 510k Application to the Federal Drug Administration ("FDA") on January 22, 2001. Following this 510k Application the Composix Kugel Patch was authorized by the FDA as a Class II medical device.

9. On May 20, 2003, Plaintiff had a vernal hernia repaired at St. Rita Medical Center in Lima, Ohio. Plaintiff was implanted with a Composix Kugel Hernia Patch 14cm x 18cm, by Dr. Malaya, reference #001026, Lot #43DND264.

10. The Composix Kugel Patch hernia repair product implanted in Plaintiff was designed, manufactured, sold and distributed by Davol to be used by surgeons for hernia repair surgeries and was further represented by Davol to be an appropriate, cost-effective and suitable product for such purpose.

11. An FDA Class I recall is issued for problems related to medical devices that are potentially life-threatening or could cause a serious risk to the health of the patients implanted with the device.

12. On December 22, 2005, Davol recalled many sizes of the Composix Kugel Patches under a Class I recall notice.

13. The Composix Kugel Patch was recalled due to a faulty "memory recoil ring" that can break or fail under pressure. Incidents of ring migration, intestinal fistulae, bowel perforation and even death have been reported.

14. On March 24, 2006, the initial Class I recall on the Composix Kugel Patch was expanded to include several more sizes of the patch and numerous additional lots of the defective hernia mesh product.

15. On January 10, 2007, the existing recall on the Composix Kugel Patch was again expanded to encompass further production lots of the defective hernia mesh product.

16. On August 15, 2003, September 3, 2004 and March 3, 2006, Plaintiff presented to St. Rita's with continued complaints of, *inter alia,* abdominal pain, nausea and vomiting.

17. In addition to the constant pain, suffering, additional medical treatment, and expense, Plaintiff underwent nursing care, endured mental and physical pain and suffering as a direct result of the failed Kugel Patch.

18. Davol and Bard withdrew a large number of Composix Kugel Patches as a result of the high complication and failure rate of the product.

19. Upon information and belief, Davol and Bard failed to comply with the FDA application and reporting requirements.

20. Upon information and belief, Davol and Bard were aware of the high degree of complication and failure rate associated with their Composix Kugel Patch before it was recalled.

21. Upon information and belief, Davol and Bard were aware of the defect in manufacture and design prior to the recall of their Kugel Patch.

22. Upon information and belief, the complications and failures associated with the Composix Kugel Patches are not limited to the sizes which Davol and Bard has already recalled.

23. Upon information and belief, Davol and Bard were aware of the defect in manufacture and design of the non-recalled Kugel Composix Patch sizes and chose not to issue a recall on all Kugel Composix Patches in the face of the high degree of complication and failure rates.

**COUNT I**
**(Negligence)**

24. Plaintiff restates the preceding paragraphs of this Complaint as if fully rewritten herein at length.

25. Davol and Bard were negligence to Plaintiff in the following respects:

26. Davol and Bard at all times relevant had a duty to properly manufacture, tests, inspect, package, label, distribute, market, examine, maintain, supply, provide proper warnings and prepare for use the Composix Kugel Patch.

27. Davol and Bard at all times mentioned knew or in the exercise of reasonable care should have known that the Composix Kugel Patches were of such a nature that they were not properly manufactured, tested, inspected, packages, labeled, distributed, marketed, examined, sold, supplies, prepared and/or provided with the proper warnings, and were unreasonably likely to injure the Composix Kugel Patch's users.

28. Davol and Bard so negligently and carelessly designed, manufactured, tested, failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, marketed, sold, examined, failed to examine, and supplied the Composix Kugel Patch that they were dangerous and unsafe for the use and purpose for which it was intended.

29. Davol and Bard were aware of the probable consequences of the Composix Kugel Patch. Davol and Bard knew or should have known the Composix Kugel Patch would cause serious injury: they failed to disclose the known or knowable risks associated with the Composix Kugel Patch. Davol and Bard willfully and deliberately failed to avoid those consequences, and in doing so, Davol and Bard acted in conscious disregard for the rights and safety of Plaintiff.

30. Defendants Davol and Bard owned a duty to Plaintiff to adequately warn him and his treating physicians of the risks of breakage, separation, tearing, splitting and failure associated with the Composix Kugel Patch and the resulting harm and risks it would cause patients, including Plaintiff.

31. Defendants Davol and Bard breached their duty by failing to comply with state and federal regulations concerning the study, testing, design, development, manufacture,

inspection, production, advertising, marketing, promotion, distribution, and/or sale of the Composix Kugel Patch.

32. As a direct and proximate result of the duties breached, the Composix Kugel Patch implanted in Plaintiff during Plaintiff's hernia surgery repair failed, resulting in Plaintiff suffering conscious pain and suffering, mental pain and suffering, personal injury and harm.

33. As a direct and proximate result of the duties breached and Davol's and Bard's negligence, Plaintiff has suffered severe personal injuries, physical pain and suffering, mental and emotional distress, incurred medical and hospital expenses, and other damages, believed to be permanent in nature.

34. Davol's and Bard's conduct in continuing to market, sell and distribute the Composix Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed a complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter Davol, Bard and others from similar conduct in the future.

**COUNT II**
**(Violation of the Ohio Deceptive Trade Practices Act)**

35. Plaintiff restates the preceding paragraphs of this Complaint as if fully rewritten herein at length.

36. Defendants Davol and Bard engaged in unfair and deceptive trading practices with the Plaintiff in the following respects:

37. Defendants Davol and Bard are merchants, who study, test, design, develop, manufacture, inspect, produce, market, promote, advertise, distribute and/or sell the Composix Kugel Patch for hernia repair surgery.

38. Defendants Davol and Bard knowingly committed unfair and deceptive practices in their study, test, design, development, manufacture, inspection, production, marketing, promotion, advertising, distribution and/or sale of the Composix Kugel Patch for hernia repair surgery.

39. Defendants Davol and Bard knowingly committed unfair and deceptive practices when they failed to safely design and construct an effective Composix Kugel Patch for hernia repair surgery.

40. While Defendants Davol and Bard knew or reasonably should have known that some Composix Kugel Patches were at risk while they were engaged in the studying, testing, designing, developing, manufacturing, inspecting, producing, marketing, promoting, advertising, distributing and/or selling of the Composix Kugel Patch for hernia repair surgery, specifically that the "memory recoil ring" upon being subjected to stress after placement in the intra-abdominal space posed a significant risk of breakage, separation, migration, tearing and splitting that posed the danger of the severe harm and death to patients.

41. Davol and Bard did not inform the FDA prior to December 2005 of its knowledge concerning the dangers posed to patients of its Composix Kugel Patches which were susceptible to failure and subject to the Class I recall.

42. Davol and Bard did not inform the public at large prior to December 2005 of its knowledge concerning the dangers posed to patients of its Composix Kugel Patches which were susceptible to failure and subject to the Class I recall.

43. Davol and Bard failed to give adequate warnings regarding the use and potential problems with such patches used for hernia repair.

44. Davol's and Bard's actions occurred while they were engaged in trade and commerce, and all of the conduct occurred during the course of their business.

45. Davol's and Bard's conduct in continuing to market, sell and distribute the Composix Kugel Patch after obtaining knowledge that they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter Davol, Bard and others from similar conduct in the future.

**COUNT III**
**(Strict Product Liability)**

46. Plaintiff restates the preceding paragraphs of this Complaint as if fully rewritten herein at length.

47. Defendants Davol and Bard are strictly liable to Plaintiff in the following respects:

48. Davol and Bard designed, manufactured, assembled, distributed, conveyed, supplied and/or sold the Composix Kugel Patch for hernia repair surgery.

49. The Composix Kugel Patches subject to the Class I recall were defective because they failed to perform safe and effectively for the purpose they were originally designed. Plaintiff's Composix Kugel Patch was a Class I recall device that failed while in her body causing her to develop serious physical complications which required subsequent, painful and necessary removal surgery of the Composix Kugel Patch.

50. At all times mentioned, the Composix Kugel Patch was substantially in the same condition as when it left the possession of Defendants.

51. The Composix Kugel Patch implanted into Plaintiff was being used in a manner reasonably anticipated at the time it was implanted in her by her surgeon.

52. The Composix Kugel Patches, like the one removed from Plaintiff, at the time they left possession of Davol and Bard were inherently dangerous for their intended use and were unreasonably dangerous products which presented and constituted an unreasonable risk of danger and injury to Plaintiff as follows:

i. The Composix Kugel Patch was sold in a defective condition by design and manufacture;

ii. the Composix Kugel Patch as designed and manufactured was unsafe to Plaintiff;

iii. the Composix Kugel Patch as designed and manufactured was unreasonably dangerous to Plaintiff;

iv. the Composix Kugel Patch did not perform safely as an ordinary consumer/patient, like Plaintiff, would expect;

v. the Composix Kugel Patch as designed and manufactured was unsafe for its intended use;

vi. Davol and Bard failed to warn the end user about the dangers and risks of the product;

vii. Davol and Bard knew the component parts of the Composix Kugel Patch as implemented through design and/or manufacture could cause injury to the end user;

viii. Failing to implement an adequate, safe and effective "memory recoil ring" and/or its interaction with the mesh of the Composix Kugel Patch to withstand the foreseeable stresses they would be subject to within the intra-abdominal space;

ix. Failing to avoid migration of the Composix Kugel Patch and/or its components from the initial site of the hernia repair surgery;

x. any other acts or failures to act by Davol and Bard regarding the studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or selling of the Composix Kugel Patch for hernia repair surgery as will be learned during discovery.

53. As a direct result of the product defects, Plaintiff suffered personal injuries, incurred medical and hospital expenses, and suffered mental and physical pain and suffering, and other damages. Davol's and Bard's conduct in continuing to market, sell and distribute the

Composix Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter Davol, Bard and others from similar conduct in the future.

**COUNT IV**
**(Negligent Infliction of Emotional Distress)**

54. Plaintiff restates the preceding paragraphs of this Complaint as if fully rewritten herein at length.

55. Defendants Davol and Bard are liable to Plaintiff for the negligent infliction of emotional distress in the following respect:

56. Plaintiff suffered severe emotional distress, which was a result of Defendants' negligent conduct in studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or selling of the Composix Kugel Patch for hernia repair surgery.

57. Plaintiff suffered severe emotional distress, which was as a result of Davol's and Bard's negligent conduct in failing to adequately and safely design and construct an effective and safe Composix Kugel Patch for hernia repair surgery.

58. Therefore, Davol and Bard are liable to Plaintiff.

59. Davol's and Bard's conduct in continuing to market, sell and distribute the Composix Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter Davol, Bard and others from similar conduct in the future.

**COUNT V**
**(Intentional Infliction of Emotional Distress)**

60. Plaintiff restates the preceding paragraphs of this Complaint as if fully rewritten herein at length.

61. Defendants Davol and Bard are liable to Plaintiff for the intentional infliction of emotional distress in the following respect:

62. Plaintiff suffered severe emotional distress, which was as a result of Davol's and Bard's extreme and outrageous, intentional, willful, and reckless conduct in studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or selling of the Composix Kugel Patch for hernia repair surgery.

63. Plaintiff suffered severe emotional distress, which was as a result of Davol's and Bard's extreme and outrageous, intentional, willful, and reckless conduct in failing to adequately and safely design and construct an effective and safe Composix Kugel Patch for hernia repair surgery, in complete and reckless disregard of the safety of Plaintiff.

64. Therefore, Davol and Bard are liable to Plaintiff.

65. Davol's and Bard's conduct in continuing to market, sell and distribute the Composix Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter Davol, Bard and others from similar conduct in the future.

**COUNT VI**
**(Breach of Implied Warranty)**

66. Plaintiff restates the preceding paragraphs of this Complaint as if fully rewritten herein at length.

67. Defendants Davol and Bard are liable to Plaintiff for their breach of implied warranty in the following respect:

68. Davol and Bard sold the Composix Kugel Patch which was implanted in Plaintiff. Davol and Bard impliedly warranted to Plaintiff, her physicians and health care providers, that the Composix Kugel Patch was of merchantable quality and safe for the use for which they were intended.

69. Davol and Bard knew or should have known that the Composix Kugel Patch at the time of sale was intended to be used for the purpose of surgically implanting them into the body for hernia repair.

70. Plaintiff, her physicians and health care providers reasonably relied on Davol's and Bard's judgment, indications, representations, and statements that the Composix Kugel Patch was fit for such use.

71. When the Composix Kugel Patches were distributed into the stream of commerce and sold by Davol and Bard, they were unsafe for their intended use, and not of merchantable quality, as warranted by Davol and Bard in that they had very dangerous propensities when used as intended and implanted into a patient's body where they could cause serious injury of harm or death to the end user.

72. Plaintiff suffered injuries and damages as a result of Davol's and Bard's conduct and actions.

**<u>COUNT VII</u>**
**(Failure to Warn)**

73. Plaintiff restates the preceding paragraphs of this Complaint as if fully rewritten herein at length.

74. In the course of business, Davol and Bard designed, manufactured, and sold the Composix Kugel Patch for hernia repair surgeries.

75. At the time of the design, manufacture and sale of the Composix Kugel Patch, and more specifically at the time Plaintiff received the Composix Kugel Patch, they were defective and unreasonably dangerous when put to their intended and reasonably anticipated use. Further the Composix Kugel Patches were not accompanied by proper warnings regarding significant adverse consequences known to be associated with the Composix Kugel Patch.

76. Davol and Bard failed to provide any warnings, labels or instructions of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution. The reasonably foreseeable use of the products involved significant dangers not readily obvious to the ordinary user of the products. Davol and Bard failed to warn of the known or knowable injuries associated with the malfunction of the Composix Kugel Patch, including but not limited to rupture of the Patch and severe peritonitis and infection which would require subsequent surgical procedures and could result in severe injuries.

77. The dangerous and defective conditions in the Composix Kugel Patches existed at the time they were delivered by the manufacturer to the distributor. At the time Plaintiff had her hernia repair surgery the Composix Kugel Patch was in the same condition as when manufactured, sold and distributed.

78. Plaintiff did not know at the time of use of the Composix Kugel Patch, nor at any time prior thereto, of the existence of the defects in the Patches.

79. Plaintiff suffered the aforementioned injuries and damages as a direct result of Davol's and Bard's failure to warn.

80. Davol's and Bard's conduct in continuing to market, sell and distribute the Composix Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter Davol, Bard and others from similar conduct in the future.

**COUNT VIII**
**(Constructive Fraud)**

81. Plaintiff restates the preceding paragraphs of this Complaint as if fully rewritten herein at length.

82. Defendants, while in possession of unique and pertinent information involving the safety and mechanical reliability of its Composix Kugel Patch, presented its Composix Kugel Patch as mechanically sound and failed to warn of its inherent design and/or manufacturing defects. Defendants suppressed this information and continued sales and marketing of its product to the general public. Defendants knew or should have known Plaintiff had no means, other than Defendants' full, accurate, complete and objective disclosure, of obtaining the relevant information.

83. Through their unique knowledge and expertise regarding the affected nature of the Composix Kugel Patch, and through their statements to physicians and their patients in advertisement, promotional materials, and other communications, Defendants professed and affirmed to the Plaintiff their knowledge of the truth of the representation that the Composix Kugel Patches were safe for their intended use and were free from design and/or manufacturing defects.

84. Defendants' misrepresentations and omissions were made intentionally to induce Plaintiff, or her agents, to purchase Defendants' Composix Kugel Patches, in order to reap the high profit margin related to the Composix Kugel Patches.

85. Defendants' conduct took unconscionable advantage of its dominant position of knowledge, engaging in constructive fraud in its relationship with Plaintiff. Misled by this veil of fraud, the Plaintiff reasonably relied upon Defendants' misrepresentations.

86. As a result of her reasonable reliance, Plaintiff suffered injuries and monetary damages, all to her detriment.

**COUNT IX**
**(Misrepresentation by Omission)**

87. Plaintiff restates the preceding paragraphs of this Complaint as if fully rewritten herein at length.

88. Defendants misrepresented the mechanical soundness and reliability of the Composix Kugel Patches to the general public through promotional and marketing materials and campaigns. Defendants continued this misrepresentation for an extended period of time, without disclosing material information regarding the defective, hazardous and harmful complications relating to the Composix Kugel Patch.

89. Defendants took advantage of the limited ability Plaintiff had to discover Defendants' strategic and intentional concealment of the defects in their Composix Kugel Patches.

90. Defendants concealed these design and/or manufacturing defects from the public by withholding information pertaining to the inherent design and/or manufacturing defects and high risks of failure related to the Composix Kugel Patches, and presenting the devices as sound and reliable.

91. Defendants' intentional misrepresentations and omissions were made willfully, wantonly and recklessly to Plaintiff, the general public at large, and Plaintiff's surgeons to induce the purchase of Defendants' Composix Kugel Patch over other hernia mesh repair systems on the market.

92. Defendants knew or should have known of the high risk the Plaintiff would encounter by unwittingly agreeing to have implanted one of Defendants' defectively designed and/or manufactured Composix Kugel Patches.

93. As a direct result of the Defendants' aforementioned conduct, Plaintiff suffered personal injuries, damages, incurred medical expenses and other damages.

Wherefore, Plaintiff demands judgment against Defendants Davol and Bard, jointly and/or severally, in an amount in excess of Twenty Five Thousand Dollars ($25,000.00) as to each count of the foregoing Complaint for compensatory damages, in addition to punitive damages as applicable to each count of the foregoing Complaint, plus interest at the statutory rate from the date of the incident, costs of litigation, attorneys' fees, and any and all other relief this court deems just and equitable.

Respectfully submitted,

THOMAS D. ROBENALT (0055960)
COLIN P. SAMMON (0076011)
**Novak, Robenalt & Pavlik, L.L.P.**
Tower City Center
Skylight Office Tower
1660 West Second Street, Suite 950
Cleveland, Ohio 44113-1498
Phone: (216) 781-8700
Fax: (216) 781-9227
trobenalt@nrplaw.com
csammon@nrplaw.com
Attorneys for Plaintiff

**JURY DEMAND**

A jury pursuant to Civil Rule 38(B) is hereby demanded for all issues.

THOMAS D. ROBENALT (0055960)

**TO THE CLERK**

**PLEASE SERVE EACH OF THE DEFENDANTS AT THE ADDRESSES LISTED IN THE CAPTION BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED.**

THOMAS D. ROBENALT (0055960)